**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

EDWIN CINTRON PAGAN; XENIA
GUERRERO MEJIA; YANIRE PIÑEIRO
VARGAS,

        **Plaintiffs,**

          v.

MUNICIPALITY OF TOA BAJA;
POCKET PIZZA LLC; HIGH TIMES,
CORP.; FOT INVESTMENTS, LLC;
CARIÑO'S PIZZA LLC;
LA SABROSURA BY K LLC,

        **Defendants.**

CIVIL NO. 25-1061 (RAM)

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

    The issue pending before the court is whether defendants in this case should be severed pursuant to Fed. R. Civ. P. 20 and 21. Having reviewed the record and applicable case law, the Court finds that severance is proper. Accordingly, for the reasons outlined below, the case shall move forward only against the Municipality of Toa Baja.

## I.   PROCEDURAL BACKGROUND

    On February 3, 2025, Plaintiffs filed the *Original Complaint* against the Municipality of Toa Alta, the Municipality of Toa Baja and thirty-eight entities operating within these two municipalities for alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and

Section 504 of the Federal Rehabilitation Act, 29 U.S.C. § 794. (Docket No. 1). On May 19, 2025, the Court issued an order instructing Plaintiffs to show cause as to why defendants in this case should not be severed pursuant to Fed. R. Civ. P. 20 ("Rule 20"). (Docket No. 20).

On June 2, 2025, Plaintiffs filed an *Amended Complaint* eliminating claims as to multiple co-defendants identified in the *Original Complaint* and asserting disability discrimination claims against **only** the Municipality of Toa Baja (the "Municipality") and the following five establishments operating within the Municipality: Pocket Pizza LLC; High Times, Corp.; Fot Investments, LLC; Cariño's Pizza LLC; and La Sabrosura by K LLC (collectively "Defendant Businesses"). (Docket No. 28).[1] In the *Amended Complaint*, Plaintiffs provide a long list of sidewalks and accessible ramps within the Municipality that are allegedly obstructed and/or deteriorated and thus not in compliance with the ADA. Id. ¶¶ 16-123. With regards to the establishments, Plaintiffs claim they use the sidewalk as illegal parking and have structural barriers within their individual properties that unlawfully limit accessibility. Id. ¶¶ 124-128.11. These alleged structural barriers include inaccessible counters and tables, insufficient

---

[1] On August 1, 2025, Plaintiffs filed a Notice of Voluntary Dismissal with Prejudice as to FOT Investments, LLC. (Docket No. 35)

floor space in the restaurants and restrooms, small and uncomfortable chairs, and narrow entrances, among others. Id.

On the same day, Plaintiffs filed their *Response to Order to Show Cause*. (Docket No. 29). In essence, Plaintiffs contend that their claims comply with Fed. R. Civ. P. 20(a)(2) because they arise from a coordinated system where the Municipality functions as a central hub that enables systematic ADA violations through municipal permitting practices and a failure to enforce accessibility requirements. Id.

## II. DISCUSSION

Fed. R. Civ. P. 20(a)(2) provides that defendants may be joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Although Rule 20 "is to be construed liberally for the sake of convenience and judicial economy, the rule is not a license for unbridled joinder of unrelated claims." Cruz v. Bristol Myers Squibb Co. P.R., 264 F.R.D. 22, 25 (D.P.R. 2010), aff'd sub nom. Cruz v. Bristol-Myers Squibb Co., PR, 699 F.3d 563 (1st Cir. 2012) (internal citations omitted). Therefore, "[i]f the test for permissive joinder is not satisfied, a court, in its discretion,

may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." Id. (quotation omitted).

Courts have denied joinder "when there were no allegations that the defendants acted in concert and the claims of the multiple plaintiffs arose at different times and places." 7 Wright & Miller's Fed. Prac. & Proc. Civ. § 1653 (3d ed.). Moreover, courts have generally held that "**joinder will not be allowed based solely on the assertion that the defendants committed the same type of violations in the same way.**" Id. (emphasis added), *see also* New Sensations, Inc. v. Does 1-175, 947 F. Supp. 2d 146, 148 (D. Mass. 2012) (noting there is an "established principle that joinder is not proper simply because defendants allegedly committed the exact same violation of the law in exactly the same way.") (internal quotations omitted).

Per the *Amended Complaint*, the Defendant Businesses engaged in unique, distinct and individual violations of the ADA. (Docket No. 28). Although said violations are similar or analogous, Plaintiffs **failed to establish that Defendants acted in concert.** *See* Brito v. Pointe Orlando Dev. Co., No. 617CV2192ORL28DCI, 2018 WL 3118390, at *3 (M.D. Fla. June 7, 2018), report and recommendation adopted, No. 617CV2192ORL28DCI, 2018 WL 3109084 (M.D. Fla. June 25, 2018) ("Plaintiff has failed to assert any basis on which the Tenant Defendants could be held jointly liable for each other's ADA violations. Thus, while Plaintiff may assert

a right to relief jointly against each landlord-tenant pairing, Plaintiff cannot assert 'any right to relief' against all Defendants "'jointly, severally, or in the alternative," as required under Rule 20(a)(2)(A).'").

Plaintiffs contend joinder is proper because of the "hub-and-spoke" arrangement by which "the Municipality functions as the central coordinating party through its comprehensive permitting system and deliberate non-enforcement policies." (Docket No. 29). Another judge in this District recently rejected a similar argument, finding that in the absence of a "rim connecting what each of the businesses is charged with doing or having done. . . [t]here is no interdependence between the spokes[,]" and the hub-and-spoke model does not warrant joinder. Sepúlvida Alicea v. Mun. of Ponce; et al, No. CV 24-1074(PAD), Docket No. 18 at 8 (D.P.R. June 4, 2025). The Court finds that this conclusion is similarly applicable here. It is worth noting that even though Plaintiffs significantly reduced the number of co-defendants in this case, this on its own is insufficient to allow permissive joinder under Rule 20. *See e.g.*, Brito, 2018 WL 3118390, at *2-3.

Lastly, the Court finds that no substantial right will be prejudiced by severing parties in this case. *See* Cruz, 264 F.R.D. at 25 (collecting cases). Plaintiffs posit that discovery efficiency favors joinder because separate cases "would require identical discovery of municipal permitting failures, identical

expert analysis of substantially similar violations, and identical depositions of the same municipal officials." (Docket No. 29 at 7). The Court disagrees because the factual differences between Defendants will result in distinct evidence, defenses, and motions that are unique to each defendant. *See* <u>Sepúlvida Alicea</u>, No. CV 24-1074(PAD), Docket No. 18 at 11. On the contrary, Plaintiffs would not suffer any prejudice from the severance because they may proceed to pursue their claims against the Defendant Businesses in separate actions, if they so choose.

### III. CONCLUSION

In light of the above, the following co-defendants are hereby **SEVERED** and **DROPPED** as parties from this case **WITHOUT PREJUDICE:** Pocket Pizza LLC; High Times, Corp.; Fot Investments, LLC; Cariño's Pizza LLC; and La Sabrosura by K LLC. The case shall move forward only against the Municipality of Toa Baja and thus, the caption of future filings shall only include the Municipality of Toa Baja as a defendant. Plaintiffs may file individual complaints against the severed parties. If this occurs, each case shall be given a new number and be randomly assigned by the Clerk of Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of August 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE